UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GERALD FLEMING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:08CV0646 JCH |
| ) | |
| STEVE LARKINS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Gerald Fleming's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2254, filed May 5, 2008 (Doc. No. 1 ("Motion")). Because this Court has determined that Fleming's claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which Fleming's claims are based, this Court decides this matter without an evidentiary hearing.[1]

## BACKGROUND

On January 24, 2001, a jury convicted Fleming of kidnaping, felonious restraint, second-degree assault, unlawful use of a weapon, and first-degree burglary.[2] State v. Fleming, 83 S.W.3d 654, 655 (Mo. Ct. App. 2002); Response to Order to Show Cause Why a Writ of Habeas Corpus

---

[1]"A district court does not err in dismissing a movant's motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Buster v. U.S., 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting Sanders v. U.S., 341 F.3d 720, 722 (8th Cir. 2003)(citation and quotation marks omitted); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (in a § 2254 case, holding that "[a] petitioner is not entitled to an evidentiary hearing . . . when his claims are . . . contentions that in the face of the record are wholly incredible.").

[2]In his Motion, Fleming claims that he was convicted of Second Degree Burglary. (Motion, p. 1).

Should Not Be Granted ("Response"), Doc. No. 6, p. 1.[3] Fleming was sentenced as a prior persistent offender to prison terms of fifteen years on the kidnaping count, seven years on the felonious restraint count, seven years on the assault count, five years on the unlawful use of a weapon count, and twenty years on the burglary count, with said sentences to run concurrently. (Response, p. 1; Motion, p. 1). Fleming appeals his conviction and sentence, but the Missouri Court of Appeals affirmed the conviction on June 28, 2002. (Respondent's Exhibit E; Response, p. 5). Thereafter, Fleming also appealed the judgment on the merits in his Rule 29.15 motion for post-conviction relief. (Respondent's Exhibit I). On October 16, 2007, the Missouri Court of Appeals affirmed the denial of post-conviction relief, pursuant to Rule 84.14. (Respondent's Exhibit I; Motion, pp. 3-4).

On May 5, 2008, Fleming filed this Motion seeking relief based upon the following grounds:

(1) The State committed a Batson[4] violation when the prosecutor struck African-American venireperson Barbara Mitchell (Motion, p. 5; Pro Se Petition for Habeas Corpus Relief and Memorandum of Law in Support of 28 USCA(d)(1)&(2) ("Memorandum"), Doc. No. 1-1, p. 13; Response, p. 4).

(2) The State committed a Brady[5] violation by failing to disclose evidence of the victim's arrest and interrogation in an unrelated case. (Motion, p. 6; Memorandum, p. 14; Response, p. 4).

(3) The evidence was insufficient to support Fleming's first-degree burglary conviction. (Motion, p. 8; Memorandum, p. 15; Response, p. 4).

---

[3]Federal courts considering petitions for habeas relief look to the last reasoned decision of the lower state court on that issue. Winfield v. Roper, 460 F.3d 1026, 1037 (8th Cir. 2006); Ylst v. Nunnemaker, 501 U.S. 797, 804 (1991). Here, the Court looks to the decisions of the Missouri Court of Appeals, dated June 28, 2002 (Respondent's Exhibit E) and October 16, 2007 (Respondent's Exhibit I).

[4]Batson v. Kentucky, 476 U.S. 79 (1986).

[5]Brady v. Maryland, 373 U.S. 83 (1963).

(4) The trial court erred in allowing the victim to testify regarding Fleming's uncharged assaults on the victim at trial. (Motion, p. 10; Memorandum, p. 16; Response, pp. 4-5).

(5) Fleming's trial counsel was ineffective because he failed to call Fleming's sister as a defense witness. (Memorandum, p. 17; Response, p. 5).

(6) The trial court improperly determined Fleming to be a persistent offender. (Memorandum, p. 20; Response, p. 5).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[A]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "'A state court's decision is contrary to … clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision … and nevertheless arrives at a [different] result.'" Cagle v. Norris, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's

case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams v. Taylor, 529 U.S. 362, 407 (2000). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." Ryan v. Clarke, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)). The Supreme Court has emphasized the phrase "Federal law, as determined by the Supreme Court," refers to "the holdings, as opposed to the dicta, of this Court's decisions," and has cautioned that § 2254(d)(1) "restricts the source of clearly established law to [the Supreme] Court's jurisprudence." Williams, 529 U.S. at 412. "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995).

## DISCUSSION

### I. Ground 1: Batson Violation

Fleming claims that defense counsel's peremptory strike of an African-American juror, Barbara Mitchell, was discriminatory and violated Batson. (Memorandum, p. 13). When asked to explain the basis for the strike, the prosecutor claimed that Ms. Mitchell rolled her eyes and gave him dirty looks during voir dire. (Memorandum, p. 13; Respondent's Exhibit E, p. 4). The prosecutor also claimed that he struck Ms. Mitchell because she was unemployed, even though Ms. Mitchell stated upon examination that she was employed. (Memorandum, p. 13; Respondent's Exhibit E, p. 4).[6] The trial judge allowed the strike and found that the prosecutor had provided "a sufficient and

---

[6]Ms. Mitchell had indicated on the jury questionnaire that she was unemployed. (Memorandum, pp. 13-14; Respondent's Exhibit E, p. 4). Also, Fleming seems to indicate that the prosecutor retained an unemployed white juror. (Memorandum, p. 13).

race neutral reason." (Memorandum, p. 13; Respondent's Exhibit E, p. 4). Fleming argues that this strike is "objectively unreasonable." (Memorandum, p. 14).

The Equal Protection Clause guarantees the defendant that the State will not exclude members of his race from the jury on account of race or on the false assumption that members of his race as a group are not qualified to serve as jurors. Batson v. Kentucky, 476 U.S. 79, 86 (U.S. 1986) (citations omitted); Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001). A Batson challenge has three components: (1) the defendant must object that the state's peremptory challenge is based on an improper purpose, (2) the state has the burden to prove a race-neutral reason for the strike, and (3) the defendant has the burden to prove the reason is pretextual. State v. Johnson, 284 S.W.3d 561, 571 (Mo. 2009) (citing State v. Edwards, 116 S.W.3d 511, 524 (Mo. banc 2003)). "To determine if pretext exists, this Court considers a non-exclusive list of factors including: the explanation in light of the circumstances; similarly situated jurors not struck; the relevance between the explanation and the case; the demeanor of the state and excluded venire members; the court's prior experiences with the prosecutor's office; and objective measures relating to motive." Johnson, 284 S.W.3d at 571 (citing Edwards, 116 S.W.3d at 527). Trial judges are vested with "considerable discretion in determining whether the defendant established purposeful discrimination." State v. Parker, 836 S.W.2d 930, 934 (Mo. 1992)(citing Hernandez v. New York, 111 S. Ct. 1859, 1869 (1991)).

The Court finds that the state court's decision is not contrary to clearly established Supreme Court precedent nor was it an unreasonable application of Supreme Court precedent. The Court finds that the state court reasonably applied Supreme Court precedent when it determined that the State provided a race-neutral basis for excluding Ms. Mitchell due to her employment status and demeanor and that Fleming failed to prove that the State's reason was pretextual. The trial court determined that the prosecutor's stated basis for striking Ms. Mitchell was proper given the "totality of the facts

and circumstances," which included Ms. Mitchell's inconsistent work history and her demeanor. Parker, 836 S.W.2d at 934; see Response, p. 6 (trial court noted that demeanor was a sufficient race-neutral reason); Respondent's Exhibit E, p. 4. Fleming's claim that the prosecutor's basis for striking Ms. Mitchell was "objectively unreasonable" falls short of rebutting the presumptive correctness of the state trial court's determination that Batson was not violated. Fleming "advances no additional support for his claim that the state trial court determined the facts 'unreasonably' in light of the totality of the evidence presented." Weaver v. Bowersox, 241 F.3d 1024, 1030 (8th Cir. 2001) (citing 28 U.S.C. § 2254 (d)(2)). The Court denies Fleming's Motion with respect to Ground 1. (Respondent's Exhibit E, pp. 4-5).

## II. Ground 2: Brady Violation

Fleming claims that the State violated Brady v. Maryland, 373 U.S. 83 (1963) because it failed to disclose the arrest record of its "star witness," the victim. (Motion, p. 6; Memorandum, p. 14). Fleming asserts that he should have been afforded the opportunity to confront the victim regarding her involvement in an August 2000 shooting or regarding any charges then-pending against her. (Memorandum, p. 14). The victim was taken into custody, questioned and subjected to a lineup in connection with an August 2000 shooting. (Respondent's Exhibit E, p. 5). Fleming argues that the failure to afford him with this opportunity amounts to a Brady violation. See Brady, 373 U.S. at 87 ("the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").

"While generally, one may not impeach a witness's credibility by showing an arrest, investigation or criminal charge that has not resulted in a conviction, a party can use such evidence if the inquiry would demonstrate either (1) a specific interest of the witness; (2) the witness's

motivation to testify favorably for the state; or (3) that the witness testified with an expectation of leniency." State v. Simmons, 944 S.W.2d 165, 179-80 (Mo. 1997) (citing State v. Wise, 879 S.W.2d 494 (Mo. banc 1994)); see also State v. Lockhart, 507 S.W.2d 395, 396 (Mo. 1974) (citing State v. Sanders, 360 S.W. 2d 722, 725 (Mo. 1962) ("It is well established that the credibility of a witness may not be attacked by showing his arrest and a pending charge which has not resulted in a conviction."). "Even for such purposes a witness's arrest record would only be relevant to the extent there are any pending charges; past arrests, investigations, or charges would not be relevant to show present motivation to testify favorably for the state." Simmons, 944 S.W.2d at 180 (citing State v. Joiner, 823 S.W.2d 50, 53 (Mo. Ct. App. 1991)).

The Missouri Court of Appeals rejected Fleming's argument that the State's failure to disclose the August 2000 arrest constituted a due process violation under Brady v. Maryland because it would have been inadmissible at trial. (Response, p. 9; Respondent's Exhibit E, p. 6). The Court of Appeals found no evidence that any charges were pending against the victim or that she received leniency or a "deal" for testifying against Fleming. (Respondent's Exhibit E, pp. 5-6). Although Fleming speculates that he was deprived of his right to cross-examine the victim regarding the August 2000 shooting, Fleming would not have been permitted to do so because the allegations surrounding the victim's involvement in the August 2000 shooting would have been inadmissible, given that there were no pending charges at the time of the victim's testimony. Lockhart, 507 S.W.2d at 396; Sanders, 360 S.W. 2d at 725.

This Court agrees with the finding of the Court of Appeals that the prosecutor's failure to notify Fleming of the victim's alleged involvement in an August 2000 shooting did not constitute a violation of his due process rights pursuant to Brady v. Maryland. Plaintiff's Motion is denied with respect to Ground 2.

**III.    Ground 3: Sufficiency of Evidence for First Degree Burglary Conviction**

Fleming claims that the Missouri Court of Appeals erred in finding that, under Jackson v. Virginia, 443 U.S. 307 (1979), the evidence supported the jury's verdict for a first degree burglary conviction. See id. at 318 ("the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt"). The Missouri Court of Appeals noted that "[t]he State has the burden to prove each and every element of the charged offense beyond a reasonable doubt; a conviction is prohibited 'except upon evidence that is sufficient fairly to support a conclusion that every element of the crime has been established beyond a reasonable doubt.'" (Respondent's Exhibit E, p. 6 (citing Jackson, 443 U.S. at 314-15)). Fleming argues that it was unreasonable for the Court to determine that he did not have permission to re-enter the victim's sister's house when he crawled through the front window. (Memorandum, p. 16).

Fleming essentially is claiming that there was insufficient evidence to convict him of first degree burglary because the victim's sister gave him permission to be in her home. The Missouri Court of Appeals noted that, to sustain a conviction against a challenge of insufficient evidence, "[t]he state has the burden and must prove each and every element of a criminal case." Respondent's Exhibit E, p. 7; State v. Smith, 33 S.W.3d 648, 652 (Mo. Ct. App. 2000). Here, "unlawful entry" is an element of the crime of burglary in the first degree. (Respondent's Exhibit E, p. 7 (citing § 569.160.1, R.S. Mo.)).[7]

---

[7] §569.160.1, R.S. Mo. provides as follows:

A person commits the crime of burglary in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein, and when in effecting entry or while in the building or inhabitable structure or in

The evidence before the Missouri Court of Appeals was sufficient for a jury to find Fleming guilty of burglary in the first degree. On March 17, 2000, Fleming spent the night at the victim's sister's home, apparently with the consent of the victim's sister. After an argument with the victim, Fleming left the victim's sister's home on March 18. Fleming returned to the victim's sister's home, but the sister was not home. The victim and her boyfriend were at the victim's sister's home, and they did not allow Fleming entry into the home. When no one answers his knocks at the door, Fleming crawled through the front window. (Respondent's Exhibit E, p. 7).

The evidence demonstrates that Fleming entered the victim's sister's home through the window after he was denied entrance through the door. This jury considered this evidence of unlawful entry sufficient to support a conviction for burglary in the first degree. The Court finds that the decision of the Missouri Court of Appeals does not violate the clearly established federal law in Jackson v. Virginia. Fleming's Motion is denied with respect to Ground 3.

**IV.    Ground 4: Admissibility of Prior, Uncharged Conduct**

Fleming claims that the trial court improperly allowed the victim to testify that Fleming assaulted her on prior occasions. Fleming argues that the probative value of the alleged acts were substantially outweighed by their prejudice. (Memorandum, p. 17). He further asserts that the introduction of the uncharged crimes violated Fleming's due process rights because they "distracted the jury and lessened the state's burden of proof." (Memorandum, p. 17 (citing Sullivan v. Louisiana, 508 U.S. 275, 277 (1993)).

---

immediate flight therefrom, he or another participant in the crime:

(1) Is armed with explosives or a deadly weapon or;
(2) Causes or threatens immediate physical injury to any person who is not a participant in the crime; or
(3) There is present in the structure another person who is not a participant in the crime.

"Generally, evidence of uncharged crimes, wrongs, or acts is inadmissible for the purpose of showing the defendant's propensity to commit such crimes." State v. Johnson, 207 S.W.3d 24, 42 (Mo. 2006) (citing State v. Morrow, 968 S.W.2d 100, 107 (Mo. 1998)). Evidence of prior misconduct, however, is admissible if it is "logically relevant, in that it has some legitimate tendency to establish directly the accused's guilt of the charges for which he is on trial, and legally relevant, in that its probative value outweighs its prejudicial effect." Johnson, 207 S.W.3d at 42 (citing State v. Bernard, 849 S.W.2d 10, 13 (Mo. banc 1993)). "Evidence of uncharged crimes is admissible 'to present the jury a complete and coherent picture of the charged crimes[.]'" Johnson, 207 S.W.3d at 42 (citing Morrow, 968 S.W.2d at 107).

The victim testified that Fleming had beat her on prior occasions. This testimony was introduced for the limited purpose of establishing that, if the victim did not do what Fleming told her to do, then he would beat her. (Respondent's Exhibit E, p. 9). The court carefully deliberated the admission of this testimony and precluded the admission of unnecessary and potentially prejudicial testimony. The court "only allowed the state to ask the victim whether [Fleming] had beaten her in the past, how many times he had beaten her, and why he would beat her." (Id.) The Missouri Court of Appeals found that allowing introduction of evidence of Fleming's prior, uncharged misconduct was not "so prejudicial that it deprived [Fleming] of a fair trial ... [or] that the admission of this evidence shocks the sense of justice and indicates a lack of careful deliberate consideration so as to be an abuse of discretion." (Respondent's Exhibit E, pp. 8-9). Thus, the Missouri Court of Appeals held that this uncharged conduct was admissible to show motive or intent. (Id. (citing Bernard, 849 S.W. 2d at 13)).

This Court finds that the determination of the Missouri Court of Appeals was not unreasonable or contrary to federal law. This Court finds that the Missouri Court of Appeals did not

misapply federal law nor did it unreasonably apply the facts to this case. Accordingly, the Court denies Fleming's Motion with respect to Ground 4.

## V. Ground 5: Ineffective Counsel for Failing to Call Fleming's Sister

### A. Legal Standard for Ineffective Assistance of Counsel

To support an ineffective assistance of counsel claim, a convicted movant must first show "that his counsel's performance was deficient, and that he suffered prejudice as a result." Paul v. United States, 534 F.3d 832, 836 (8th Cir. 2008) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The movant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Malcom v. Houston, 518 F.3d 624, 626 (8th Cir. 2008). A reasonable probability is less than "more likely than not," Kyles v. Whitley, 514 U.S. 419, 434 (1995), but more than a possibility. White v. Roper, 416 F.3d 728, 732 (8th Cir. 2005). A reasonable probability "is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "[B]oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact" subject to *de novo* review. Id. at 698. "The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense." United States v. Ledezma-Rodriguez, 423 F.3d 830, 836 (8th Cir. 2005) (citations omitted).

### B. Discussion

Fleming claims that he was denied effective assistance of counsel under the Sixth Amendment because his counsel failed to present a key witness, Fleming's sister, Sophia Martin, at trial. Fleming's defense was that he never assaulted the victim or committed the other crimes. During trial,

Fleming's counsel emphasized inconsistencies in the victim's testimony and argued that no evidence supported conviction other than the victim's testimony. (Response, p. 18). Fleming claims that Martin would have testified that the victim "walked freely to the car, that Ms. Martin was the driver of the car, and that [Fleming] 'had not done the things with which he was charged.'" (Respondent's Exhibit I, p. 3).

In response, Fleming's trial counsel testified that he chose not to call Martin as a witness because she would have placed Fleming and the victim together at the time the victim was injured. Given that the victim was the only witness called to identify the source of her injuries. (Respondent's Exhibit K, pp. 46-47), Fleming's counsel thought it was the best strategy to claim that the victim had made up the story and that she was not believable. (Respondent's Exhibit I, p. 4). Thus, Fleming's counsel made the strategic decision not to call Martin at trial because he believed her testimony would do more harm than good by corroborating the victim's account. (Id.)

The Court does not second-guess this reasonable trial strategy. "Because of the problems inherent in hindsight analysis, [the Court] 'indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Loefer v. United States, 604 F.3d 1028, 1029-30 (8th Cir. 2010) (quoting United States v. Staples, 410 F.3d 484, 488 (8th Cir. 2005)). Thus, "decisions involving trial strategy are 'virtually unchallengeable.'" Loefer, 604 F.3d at 1030 (quoting Link v. Luebbers, 469 F.3d 1197, 1204 (8th Cir. 2006)); Johnson v. Norris, 537 F.3d 840, 848 (8th Cir. 2008). As a result, the Court finds that Fleming has failed to satisfy Strickland's deficient-performance prong.

Also, the prejudice element is lacking. Fleming admits that the State utilized "defendant's oral statement admitting he had dragged the victim to the car and hit the victim with a gun in the car." (Memorandum, p. 18). Fleming attempts to cast doubt on this confession by asserting that "it was

not reasonable that Fleming would confess so quickly" given the insufficient evidence implicating him. (Id.) Fleming's confession to the crime, however, makes it unlikely that he was prejudiced by the failure to call Martin to testify. See Russell v. Jones, 886 F.2d 149, 152 (8th Cir. 1989)(Confessions carry great weight, and it is therefore unlikely that Russell was prejudiced by the absence of his brother's testimony."). The Court finds that there is no reasonable probability that, but for trial counsel's decision not to call Martin, the result of the proceeding would have been different. Perry v. Kemna, 356 F.3d 880, 888 (8th Cir. 2004)(citing Strickland, 466 U.S. at 694).

The Court finds that the Missouri Court of Appeals properly applied the clearly established law from Strickland. Fleming's Motion with respect to Ground 5 is denied.

## VI. Ground 6: Trial Court's Determination that Fleming was a Persistent Offender

In Ground 6, Fleming claims that the sentencing court erred in finding that he was a persistent offender, when evidence only had been presented that he was a prior offender. Fleming claims that the court failed to find beyond a reasonable doubt that Fleming was a prior and persistent offender and, without such a finding, the sentence exceeded the maximum allowed by law. (Memorandum, pp. 20-21; Respondent's Exhibit I, p. 6).

During trial, the state presented evidence of Fleming's felony convictions in 1984, 1987 and 1993, and established that the offenses resulting in the 1987 and 1993 convictions occurred on different dates. (Respondent's Exhibit I, p. 6). In the trial court's oral order, the judge found that Fleming was a "prior offender for all purposes including sentencing and punishment." (Respondent's Exhibit I, p. 7). The trial court, however, stated in its written order that "defendant is a prior and persistent offender." (Id.) During the sentencing hearing, the court noted that Fleming was a "prior offender." (Id.) The court also checked the "Prior Offender" box, but did not check the "Persistent Offender" box, on the Sentence and Judgment form. (Id.)

The enhanced sentencing statute, §558.016.1, R.S. Mo., provides that a court may sentence a person to an extended term of imprisonment as provided in §558.011, R.S. Mo., if the person is a "persistent offender or a dangerous offender." Section 558.016.2 defines a "prior offender" as "one who has pleaded guilty to or has been found guilty of one felony." Section, 558.016.3 defines a "persistent offender" as "one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." Section 558.021 provides the method of proving that a person is a prior offender or persistent offender.[8]

In this case, the State provided evidence to the court that Fleming was convicted of two prior, separate felonies. Likewise, the court found, beyond a reasonable doubt, that Fleming was a persistent offender. The court noted that Fleming was a persistent offender in its written opinion. The court's failure to state orally that Fleming was a persistent offender does not impact the sentence. See Johnson v. State, 938 S.W.2d 264, 266 (Mo. 1997) ("Under [§558.021], the finding that a

---

[8]The court shall find the defendant to be a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender if:

(1) The indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender; and

(2) Evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender; and

(3) The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender.

2. In a jury trial, the facts shall be pleaded, established and found prior to submission to the jury outside of its hearing, except the facts required by subdivision (1) of subsection 4 of section 558.016 may be established and found at a later time, but prior to sentencing, and may be established by judicial notice of prior testimony before the jury.

§558.021.1-.2, R.S. Mo.

defendant is a repeat offender need not be restated during the oral pronouncement of sentence."). The statutory language of §558.021, R.S. Mo. is "clear and it is mandatory." Id. The statute provides that once the court finds facts beyond a reasonable doubt showing that a defendant has been found guilty of two prior felonies, it "**shall find** the defendant to be a … persistent offender…." §558.021.1, R.S. Mo. (emphasis added). Moreover, once the court finds defendant to be a persistent offender, the enhancement provision is automatic. Johnson, 938 S.W.2d at 266 (citing §558.019.2(2), R.S. Mo.); State v. Jones, 22 S.W.3d 194, 196 (Mo. Ct. App. 1999) ("The statute gives the court no discretion."). As noted in Johnson, because the statute gave the court no discretion to determine what portion of the sentence Fleming would serve, the court's failure to state orally that Fleming was a persistent offender is irrelevant to his sentence.

Further, the court's error in marking the "prior" but not the "persistent" box on the Sentencing Form does not affect Fleming's sentence. As previously noted, the court is only required to make findings of fact beyond a reasonable doubt that Fleming is a persistent offender, as defined by the statute. See §558.016.3, 558.019.2(2), 558.021.1-.2, R.S. Mo.. Once the court has made those findings, then the court could only sentence Fleming as a persistent offender. Johnson, 938 S.W.2d at 266; State v. Jordan, 947 S.W.2d 95, 97 (Mo. Ct. App. 1997) ("Once a trial court finds facts beyond a reasonable doubt showing that a defendant has been found guilty of two prior felonies, it has no discretion but to find the defendant to be a persistent offender.").

The court found beyond a reasonable doubt that Fleming was guilty of committing two felonies on two separate occasions. Fleming, therefore, was a "persistent offender" under the statute. §558.016.3, R.S. Mo. The sentencing court was required to sentence Fleming as a persistent offender. The sentencing court did not err in sentencing Fleming as a persistent offender and the Court finds that the decision of the Missouri Court of Appeals did not violate the clearly established

federal law and did not unreasonably refuses to extend federal precedent. Fleming's Motion with respect to Count 6 is denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Gerald Fleming's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

Dated this 23rd day of July, 2010.

/s/ Jean C. Hamiton
UNITED STATES DISTRICT JUDGE